{¶ 54} I respectfully dissent. The majority has apparently compartmentalized its analysis of the three assignments of error presented by McKinney relating to sentencing by finding the second assignment of error not well taken in that the trial court did state its reasons for imposing sentence, but then misconstrues in my mind, the court's statement, "You just don't seem to get it." Here, the trial judge carefully reiterated McKinney's criminal record, including grand theft of a motor vehicle and a felony theft conviction. As the majority recognizes, the trial court has several bases for its comment that McKinney doesn't get it. Obviously, the court considered a minimum sentence because it stated, "I'm coming off the minimum sentence because of the prior activity * * *." Since we do not require trial judges to use magic words, I would infer that the trial court's statement here permits a reasonable inference that the shortest prison term would demean the seriousness of McKinney's conduct or not adequately protect the public from future crime by him. Furthermore, it seems inconsistent to me to affirm McKinney's nine-month sentence in assignment two, but reject it in assignment three when the same conduct by McKinney is being evaluated by the court for purposes of making separate findings.
 {¶ 55} Finally, R.C. 2929.11, styled purposes of felony sentencing, provides in part:
 {¶ 56} "(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."
 {¶ 57} This section does not impose an affirmative duty on a state court sentencing judge to calibrate sentences in accord with the other terms of incarceration being imposed within a county, within an appellate district or within the state. Rather, this is a guide for a sentencing judge to follow in conformity with the overriding purpose of felony sentencing. Here, the nine-month sentence imposed by the court is completely within those purposes, the court has stated its reasons for its sentence, and it has considered the R.C. 2929.12, 13 and 14 factors. For these reasons, I would affirm the judgment of the court and therefore, I dissent from the analysis offered by the majority in resolution of assignments of error three and four.